IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | |
| Plaintiff, | |
| | Civil Action File No. |
| v. | |
| | _____ |
| AUSTELL INTERNATIONAL FARMER'S MARKET, LLC and LEONOR VASQUEZ, | |
| Defendants. | |

**OWNERS INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Owners Insurance Company ("Owners") and hereby files its Complaint for Declaratory Judgment against Austell International Farmer's Market, LLC ("Farmers Market") and Leonor Vasquez ("Vasquez"), showing this Honorable Court as follows:

**PARTIES**

1.

Owners is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in the State of Michigan.

- 1 -

2.

Farmers Market is a limited liability company organized under the laws of the State of Georgia with its principal place of business in Georgia. Farmers Market has a single member, Hyangsoon Kim, who is a resident and domiciliary of Georgia, and who has the present intention to remain in Georgia and call Georgia home. Farmers Market may be served with process via its registered agent(s), Kyehoon Yun and/or Yong Hwan Kim, at either 3700 Crestwood Pkwy, Suite 1000, Duluth, GA 30096 or 3565 Austell Rd SW, Suite 1033, Marietta, GA 30008, respectively.

3.

Vasquez is a resident and domiciliary of the State of Georgia and has the present intention to remain in Georgia and call Georgia home. Vasquez may be personally served at 5660 Cascade Palmetto Highway, Fairburn, GA 30213, or wherever found.

## JURISDICTION AND VENUE

4.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states, who are completely diverse, and the amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs.

5.

This Court has personal jurisdiction over the Defendants because they are citizens located in this district and the Underlying Lawsuit (defined below) is pending in the Superior Court of Gwinnett County, Georgia, which lies within this judicial district and division of the Court.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF ACTION

7.

This is a Complaint for Declaratory Judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Owners and the Defendants.

8.

A controversy of a judicial nature presently exists among the parties that demands a declaration by this Court in order that Owners may have its rights and duties under the relevant contract of insurance determined and avoid the possible

accrual of damages.

9.

Each Defendant named herein has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities that have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

## THE UNDERLYING LAWSUIT

10.

On or about September 7, 2019, Vasquez allegedly slipped and fell on Farmers Market's property (the "Incident"), located at 3565 Austell Road, Marietta, Georgia 30008 (the "Property").

11.

As a result of the Incident, Vasquez allegedly suffered personal injuries.

12.

On or about September 18, 2019, counsel for Vasquez issued at least two legal demands to Farmers Market, which informed Farmers Market that Vasquez had retained counsel and demanded that Farmers Market preserve evidence related to Vasquez's claims and the Incident (the "Demand Letters"). True and accurate copies

of the Demand Letters are attached hereto as **Exhibit A**.

13.

On May 27, 2020, Vasquez filed a lawsuit against Farmers Market arising from the Incident in the State Court of Gwinnett County, civil action file number 20-C-03115-S1 (the "Underlying Lawsuit"). A true and accurate copy of the complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit B**.

14.

In the Underlying Lawsuit, Vasquez alleges that Farmers Market is liable for the Incident because it failed to maintain its duty to inspect the Property and keep it free of hazardous conditions and to warn Vasquez of the hazard.

15.

On May 29, 2020, Owners was notified, for the first time, of the Incident.

16.

Moreover, on or about March 16, 2021, Owners learned, for the first time, of the September 18, 2019 Demand Letters from Vasquez's counsel.

## **RESERVATION OF RIGHTS**

17.

On March 18, 2021, Owners issued a reservation of rights letter to Farmers

Market, wherein Owners advised Farmers Market that it was reserving its rights to deny coverage for untimely notice of the Incident and claim. A true and accurate copy of the reservation of rights letter is attached hereto as **Exhibit C**.

18.

After receiving notice of the Underlying Lawsuit, Owners retained counsel to defend Farmers Market against the Underlying Lawsuit, subject to the full reservation of rights letter.

19.

For the reasons set forth below, however, a question exists as to whether the Policy (defined below) affords coverage for the claims alleged in the Underlying Lawsuit and whether Owners has any duty to defend or indemnify Farmers Market against the Underlying Lawsuit.

## THE INSURANCE CONTRACT

20.

Owners issued a commercial general liability insurance policy to "Austell International Farmers Market dba Farmers Market," policy number 194618-80109632, with an effective policy term of January 16, 2019 through January 16, 2020 (the "Policy"). A true and accurate copy of the Policy is attached hereto as

**Exhibit D**.

21.

The Policy contains the following relevant definitions, terms, provisions, exclusions, and conditions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

. . .

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section II — Who Is An Insured. . . .

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement.**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

    b.    This insurance applies to "bodily injury" and "property damage" only if:

- 7 -

      (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory[.]"

.   .   .

## SECTION II – WHO IS AN INSURED

1.      If you are designated in the Declarations as:

.   .   .

      c.    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

.   .   .

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

.   .   .

2.      **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

      a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.

.   .   .

      b.    If a claim is made or "suit" is brought against any insured, you must:

.   .   .

      (2)    Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.      You and any other involved insured must:

(1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

.   .   .

3.   **Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a.      To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b.      To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

.   .   .

**SECTION V – DEFINITIONS**

.   .   .

3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

.   .   .

- 9 -

13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

.   .   .

18.   "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. . . .

.   .   .

## COMMERCIAL GENERAL LIABILITY PLUS COVERAGE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

.   .   .

5.   **BROADENED KNOWLEDGE OF OCCURRENCE SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit** is amended. The following condition is added.

a.   Paragraphs a. and b. of this condition will not serve to deny any claim for failure to provide us with notice as soon as practicable after an "occurrence" or offense which may result in a claim:

(1)   If the notice of a new claim is given to your "employee"; and

(2)   That "employee" fails to provide us with notice as soon as practicable.

b.   This exception shall not apply:

- 10 -

(1)     To you; or

(2)     To any officer, director, partner, risk manager or insurance
manager of yours.

.    .    .    .

See Policy, Commercial General Liability Form (Form No. CG 00 01 04 13); Policy,

Commercial General Liability Plus Endorsement (Form No. 55352 (5-17)).

22.

Farmers Market seeks a defense and/or indemnity under the Policy for the

claims asserted and damages sought in the Underlying Lawsuit.

## DECLARATORY JUDGMENT COUNT

## FARMERS MARKET FAILED TO AFFORD OWNERS WITH TIMELY NOTICE OF AN OCCURRENCE OR CLAIM

23.

Owners repeats and realleges the foregoing paragraphs as if fully set forth

herein.

24.

The Policy issued by Owners required the insured to perform certain

conditions precedent in the event of an "occurrence" or "claim."

25.

Specifically, as a condition precedent to coverage, Farmers Market was required to notify Owners of any "occurrence" that may result in a claim "as soon as practicable."

26.

Additionally, as a condition precedent to coverage, Farmers Market was required to provide Owners with written notice of any "claim" "as soon as practicable."

27.

Moreover, as a condition precedent to coverage, Farmers Market was to ensure that Owners was served with and/or notified "immediately" of any correspondence, demands, notices, or papers in connection with any claim or "suit."

28.

Farmers Market became aware of the Incident as early as the date it occurred, on or around September 7, 2019.

29.

However, Owners was not notified of the Incident until May 29, 2020 – or almost 9 months later.

- 12 -

30.

Moreover, Farmers Market became aware of the Incident and Vasquez's claim as early as the date of the Demand Letters, on or around September 18, 2019.

31.

Yet, Owners was not notified of the Incident until May 29, 2020 – or almost 9 months later.

32.

Further, Owners was not notified of the Demand Letters until March 16, 2021 – or approximately 18 months later.

33.

Farmers Market also failed to ensure that Owners was served "immediately" with the Demand Letters, which constitute a correspondence, demand, notice, or paper connected to the Incident, Vasquez's claims, and the Underlying Lawsuit.

34.

By failing to notify Owners "as soon as practicable" of the Incident, Demand Letters, and Vasquez's claim, Farmers Market breached the conditions precedent to coverage set forth in the Policy's commercial general liability coverage.

35.

By also failing to immediately forward to Owners copies of the Demand Letters, which were received in connection with the Incident, Vasquez's claim, and the Underlying Lawsuit, Farmers Market breached the conditions precedent to coverage set forth in the Policy's commercial general liability coverage.

36.

Consequently, because Farmers Market breached conditions precedent to coverage under the Policy, Owners has no duty to defend or indemnify Farmers Market in the Underlying Lawsuit.

37.

Owners is, therefore, entitled to a declaratory judgment that it is not under a duty to defend or indemnify Farmers Market against any liability, judgment, or settlement resulting from the Underlying Lawsuit.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Owners respectfully prays as follows:

(1)     that this Court declare that it does not owe any duties to defend or indemnify Farmers Market in the Underlying Lawsuit;

(2)     that judgment be entered in Owners' favor and against all Defendants;

- 14 -

(3)    that this Court bind each and every named party herein by said

judgment;

(4)    that the Court award Owners all costs, expenses, and attorneys' fees

that it is entitled to receive under federal and/or state law; and

(5)    that this Court enter an order granting such other and further relief as

justice requires.

This 22nd day of April, 2021.

Respectfully submitted,

KENDALL | MANDELL, LLC


 /s/ M. Brandon Howard
Michael C. Kendall
Georgia Bar No. 414030
M. Brandon Howard
Georgia Bar No. 550524
*Attorneys for Owners Ins. Co.*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:   (770) 577-3559
Facsimile:    (770) 577-8113
mckendall@kendallmandell.com
mbhoward@kendallmandell.com

- 15 -